SILL *against* THE BANK OF THE UNITED STATES.

In an action of *assumpsit,* brought by an inhabitant of *Lyme* in *New-London*
county, returnable to the county court of that county, against the Bank of the
*United States,* a corporation created by act of Congress, and established in the
city of *Philadelphia,* service was made, by attaching a table, the property of
the defendants, and leaving copies with the president and cashier of the branch
bank at *Middletown,* in this state : Held, 1. that such service was legal ; and
2. that such court had jurisdiction of the cause.

This was an action of *assumpsit,* brought by *Sill,* describing
himself as of *Lyme,* in *New-London* county, in this state, against
the *Bank of the United States,* before the county court for *New-
London* county, to recover the amount of a note or bill, issued
by the defendants, promising to pay to *C. S. West,* or bearer,
on demand, 100 dollars. There were several special counts in
the declaration, in which it was stated, in different forms, that
the plaintiff was the owner of the bill ; and that it having been
cut into two parts, for the purpose of remittance, the plaintiff
was in possession of one of such parts, and the other was lost.
To these the usual money counts were added.

The defendants pleaded in abatement, 1st, to the jurisdiction
of the court, alleging, That they were a body corporate, created by a law of the *United States,* passed the 10th of *April,* 1816,
by the name of " *The President, Directors and Company of the
Bank of the United States ;*" which bank or corporation, by such
act, was, and ever since has been, located and established at
*Philadelphia,* in the state of *Pennsylvania,* where by said act
they where authorized to commence and continue, and where
in fact they did commence and continue, their banking operations ; and before the state courts of the state of *Pennsylvania*
only, or before a circuit court of the *United States* were they
liable to be sued : 2ndly for want of legal service, alleging, That
the service of the plaintiff's writ was no otherwise made, than

by *John L. Lewis*, sheriff of *Middlesex* county in this state, attaching one table as the property of the defendants, and leaving copies of said writ with the president and cashier of the office of discount and deposit of the defendants at *Middletown*.

*New-London,*
*July,*
*1823.*

Sill
*v.*
Bank of U. S.

To this plea of abatement the plaintiff demurred; and the county court rendered judgment, on such plea, for the plaintiff, and ordered the defendants to answer to the action. From this judgment the defendants appealed to the superior court; and the questions of law arising on the plea of abatement, were reserved for the consideration and advice of this court. The case was argued, in *July*, 1822.

*Goddard* and *Waite*, in support of the demurrer, contended, 1. That the court before which this action was brought, had jurisdiction of the cause; the act of Congress incorporating the bank making the defendants liable to be sued in all state courts having competent jurisdiction, and in any circuit court of the *United States*. The *subject matter* of this suit was unquestionably within the general jurisdiction of the county court, provided the service was legal. When congress gave jurisdiction to *all state* courts, they did not mean to limit the jurisdiction to the courts of *Pennsylvania* alone, and the circuit courts of the *United States*.

2. That the service made was legal. By our law, the attachment of the property of the defendant, and leaving a copy of the writ and indorsement with him, if he is within the state, or with his agent or attorney, if he is not, is sufficient service to give the court cognizance of the cause. *Osborn* v. *Lloyd*, 1 *Root* 447. *Stat.* 37. If a corporation is sued, the copy must, in all cases, be left with the clerk, agent or other proper officer, of the corporation. *Stat.* 131. Such service has been made in this case. The plea contains no averment as to the *value* of the property attached; and the court, surely, cannot know judicially, that "a table" is of no value. If this service is not good, in a suit before the state courts, it would not be good in one returnable to the circuit court of the *United States* in this state; no distinct provision for service in the latter case being made, by any law of Congress or of this state. If this service is not good, the defendants can be sued only in *Pennsylvania*.

*Daggett* and *Law*, contra, contended, 1. That the court before which this action was brought, had not jurisdiction. It was

New-London,
July,
1823.

Sill
v.
Bank of U. S.

the object of Congress to *protect* the bank, as a national institu-tion. The act of incorporation, therefore, gave to the courts, to which it was to be amenable, a particular and limited juris-diction. The word "competent" is to be understood with ref-erence to this object and the subject matter. The state courts having competent jurisdiction must be the courts of the state in which the bank is located; otherwise suits might be brought against the bank, not only in any county court, but before any justice of the peace, in the *United States*.

2. That the service was not legal. It is a principle of the common law, that no judgment can be rendered against a man without personal notice; and this principle, is equally applica-ble to corporations. You must make at least as strict service on a corporation as on an individual. That this was done in the present case, will not be claimed. Was the service good, then, within our statute relating to the service of writs on com-munities? That statute requires a copy to be left with the clerk, *cashier*, &c. of *the corporation*. But the branch bank at *Middletown*, is not the corporation; nor are the president and cashier of such branch bank, the president and cashier of the corporation. Is the service good on the ground that the prop-erty of the corporation has been attached? The attachment of property gives jurisdiction so far only as to validate a judgment *in rem*. But was this *table* the sole object of pursuit, in the present case? Did the plaintiff attach this article, *to secure his debt?* If it was manifestly a mere pretence for acquiring juris-diction, it will have no effect.

PETERS J. To an action of *assumpsit* on a promissory note, or bank bill, made by the defendants, payable to *C. S. West*, or bearer, commenced in the county court for the county of *New-London*, the defendants pleaded in abatement, first, to the ju-risdiction; secondly, that the process was not duly served.

It appears from the pleadings, that the plaintiff dwells in *Lyme*, in this county; that the defendants are a corporation, created by an act of Congress, passed the 10th day of *April*, 1816, and established in the city of *Philadelphia*, in the com-monwealth of *Pennsylvania*, with power to establish branches, or offices of discount and deposit, in the several states; that such an office has been established at *Middletown*, in the coun-ty of *Middlesex*, in this state; and that the writ was duly ser-ved, by the sheriff of that county, by attaching a table, the property of the defendants, and leaving a copy thereof with the

president and cashier of said office, according to statute, *tit.* 2. *sec.* 8. and *tit.* 16. *sec.* 1.

The jurisdiction of the county court is defined by statute, *tit.* 2 *sec.* 21, and *tit.* 21. *sec.* 16, and extends to all causes of a civil nature, wherein the demand exceeds 35 dollars, and all causes wherein either of the parties dwells in this county, if inhabitants of this state; if neither is such, where the defendant is, or his property is attached. This is a cause of a civil nature; and the plaintiff dwells in the county of *New-London.*

But the plea avers, that the defendants are a corporation, established in another state, where they are liable to be sued only before the circuit court of the *United States,* or the state courts of *Pennsylvania.* It is admitted in argument, that if the property of an individual non-resident is attached here, it gives the court jurisdiction. But our statute makes no difference between natural and artificial persons. If the defendants have property here, it is liable to be attached; and their charter makes them liable to be sued in all state courts having competent jurisdiction, and in any circuit court of the *United States*; (*section* 7.) and for contracting any greater debt than 35,000,000 dollars, it makes their directors personally liable to be sued in any court of record of the *United States,* or either of them; (*sec.* 8.) and provides, that Congress may enact laws, vesting in any courts of the several states, jurisdiction to enforce the recovery of notes, bills, &c. with 12 *per cent.* interest, of which payment shall have been refused. *Sec.* 17. Although state courts derive their authority entirely from their *immediate sovereign,* and can receive no jurisdiction from any other, these provisions show clearly the intention of Congress to make the defendants responsible, wherever their property is found. But according to their construction, this can be done in *Pennsylvania* alone, without removing *the establishment!*

The value of the property attached is not averred, and is perfectly immaterial, as it is a matter between the plaintiff and the sheriff. But it is admitted by the pleadings, that it belongs to the defendants; and it has been the invariable practice of our courts to hold non-resident parties to trial, whose property was found here. In *Osborn* v. *Lloyd,* 1 *Root* 447. it is said, by the court, that attaching visible property gives to the court, jurisdiction of causes not otherwise within its jurisdiction; and the late Ch. J. *Swift* informs us, that visible property within this state will give the courts jurisdiction of causes between persons belonging to other states. A copy of the writ describing the

New-London, estate must be left with the agent of the defendant, or the per-
July,
1823.      son who has the charge or possession of the estate attached. 1
           Swift's Dig. 591.   And this will be a sufficient service of the
Sill        writ, to authorize a trial of the action.   2 Swift's Syst. 190. In
v.
Bank of U. S.  The Union Bank v. The United States Bank, 3 Mass. Rep. 74.
the supreme court of Massachusetts rendered judgment against
the defendants, who were also a corporation, established in
Philadelphia.   No question of jurisdiction was indeed made;
but it cannot be believed, that so profound a lawyer as Ch. J.
Parsons would have rendered judgment in a case, whereof he
had not jurisdiction; nor that so distinguished an advocate as
Mr. Otis, would have submitted to a decision, which he could
have avoided so easily.   This decision is not cited as an author-
ity; for it was made without considering the particular point.
But, to use the language of Ch. J. Marshall, in a like case, "it
has much weight, as it shows, that it neither occurred to the bar
nor the bench."   Bank of United States v. Deveau, 5 Cranch 88.
I therefore advise the superiour court to award a respondeas
ouster.

CHAPMAN, BRAINARD and BRISTOL, Js. were of the same
opinion.

HOSMER, Ch. J., being related to the president of the branch
bank at Middletown, declined giving any opinion.

Plea of abatement insufficient.