## J. and D. HINSDALE *against* MILES.

Though in an action upon a specialty, a *profert* must be laid, or a reason given for the omission ; yet in an action on simple contract, neither of these things is necessary.

The undertaking of the indorser of a promissory note in favour of the indorsee, is not a specialty, but merely evidence of a collateral liability arising out of a simple contract.

A demand of payment of a lost note, on presentment of a copy, is sufficient, and satisfies the usual averment of due presentment.

Therefore, where the plaintiff, in an action of *assumpsit*, brought by him, as indorsee, against the indorser, of a promissory note, having averred, that on the 26th of *May*, he presented the note for payment, at the place where it was made payable, and demanded payment thereof,—having also averred, that the note had been lost, by time and accident, and could not be produced,—adduced evidence to prove, that the note was lost, on the 26th of *February* preceding, and that a copy of it was presented, by a notary public, on the 26th of *May*, on which he demanded payment ; it was held, that such evidence was unexceptionable.

This was an action of *assumpsit*, brought by the plaintiffs, as indorsees, against the defendant, as indorser, of a promissory note, made by *Frederick Pearl*, dated the 22d of *February*, 1821, payable in ninety days, at the *United States Branch Bank* in *Middletown*. The plaintiffs averred, that " on the 26th day of *May*, 1821, at *Middletown*, at the said Branch Bank, the plaintiffs presented said note for payment, and demanded payment of

*Middlesex,*
July,
1824.

Hinsdale
*v.*
Miles.

the same of the said *Pearl*, and of the cashier of said bank, and of the directors of said bank, but neither of them paid said note, nor has said note ever been paid according to the tenor thereof, whereof the defendant, on said day, had notice." At the close of the declaration was this averment : " And said note has, by time and accident, been lost out of the possession of the plaintiffs, and cannot now be produced."

The cause was tried. on the general issue, at *Haddam, October* term, 1822, before *Peters,* J.

The plaintiffs offered evidence to prove, that the note mentioned in the declaration, was lost, on the 26th of *February,* 1821, in attempting to transmit it, with other notes, from *Middletown* to *New-Haven ;* no proof of loss at any other time being offered. To this evidence the defendant objected, on the ground, that the plaintiffs had alleged in their declaration, that the note was presented by them at the bank for payment, on the 26th of *May,* 1821. The plaintiffs also offered the testimony of a notary public in *Middletown,* that on the 26th of *May,* 1821, he went, at the request of the plaintiffs, to the Branch Bank of the *United States,* and demanded payment of the note, and was answered by the cashier, that there were no funds ; and that notice thereof was, on the same day, sent to the maker and indorser, by mail. The writing presented by such notary public, and on which he demanded payment, was in fact, and purported to be, a copy of the note mentioned in the declaration. To this testimony, also, the defendant objected. The judge admitted all the evidence thus offered and objected to. The jury found a verdict for the plaintiffs ; and the defendant moved for a new trial.

*Daggett,* in support of the motion, contended, 1. That as the plaintiffs had averred in their declaration, that they had the note in their possession, and presented it at the bank for payment, on the 26th of *May,* proof of its loss on the 26th of *February* preceding, not only did not support the declaration, but disproved it. This proof conduced to establish no fact, which it was incumbent on the plaintiffs to prove.

2. That the testimony of the notary did not support the allegation of a presentment of the note, on the 26th of *May.* This testimony, taken by itself, was at variance with the declaration, and inadmissible ; as a *copy* of the note, was not the note itself. Nor was it admissible, taken in connexion with the evidence of loss. Where an instrument is the foundation of the action, you can never prove its loss, without an allegation of such loss in the declaration. And you must aver the loss ac-

cording to the fact; and then prove such loss according to your declaration. Here the declaration shews, that there was no loss, at the time of presentment. In this state, the loss is a question of fact, to be tried by the jury: the allegation of loss according to the fact, is, therefore, indispensible.

*Sherman* and *Stanley*, contra, contended, 1. That the evidence of the loss of the note, was properly received. In the first place, a sufficient foundation for the introduction of secondary evidence had been laid in the declaration; the averment being in the usual form, *viz.* that the note had been lost, by time and accident, and could not be produced. Secondly, the evidence offered by the plaintiffs, was proper to support this averment. It shewed, that the note was lost, and could not be produced. The *time* of the loss, which the witness happened to mention, was an immaterial circumstance—was unnecessary, and entirely superfluous. Proof of loss before the trial, or at any rate, before the commencement of the action, is sufficient. Thirdly, a *profert*, in this case, need not be made; because the instrument in question is not a specialty; and because the suit is not on the instrument, but on a contract which the law implies. 1 *Chitt. Plead.* 349. If a *profert* is unnecessary, an excuse for the want of it, is equally unnecessary. The evidence admitted was, therefore, harmless.

2. That the evidence in relation to the presentment of the note, was unexceptionable. In the first place, no actual exhibition of the note was necessary; the demand of payment being the essential part of the diligence required. Secondly, if a presentment of the note be necessary in ordinary cases, the want of it may be excused, by proof of loss, and presentment of a copy. Thirdly, this proof is admissible on an averment that the note was presented. The plaintiff declares in the usual form. He then proves what the law deems equivalent to a presentment. It has been decided, that evidence of the impossibility of presenting a bill at the time of its maturity, may be given on the ordinary averment that it was duly presented. *Patience* v. *Townley*, 2 *Smith's Rep.* 224.

PETERS, J. In an action of *assumpsit*, by the indorsee, against the indorser, of a negotiable note, payable at the office of discount and deposite of the *United States'* bank in *Middletown*, on the 26th day of *May*, 1821, the plaintiffs averred, that they presented the note, and demanded payment at the time and

Hinsdale
*v.*
Miles.

place when and where it was made payable, whereof the defendant had notice; and that the note was lost by time and accident. In support of this declaration the plaintiffs offered, and the judge admitted, the testimony of a notary, that at said time and place, he presented a copy of the note, demanded payment, and gave notice of non-payment to the defendant; also evidence that the note was lost, on the 26th day of *February,* 1821; for which the defendant claims a new trial.

The questions presented by this motion, must be admitted to be *inter apices juris.* The defendant contends, first, that proof of loss in *February,* is inconsistent with the allegation of presentment in *May:* secondly, that evidence of presenting a *copy,* does not support the averment of presenting the *note.*

In an action upon a specialty, a *profert* must be laid, or a reason given for the omission. Dr. *Leyfield's* case, 10 *Rep.* 88. *Reed* v. *Brookman,* 3 *Term Rep.* 151. Though it is said by Lord *Coke,* in Dr. *Leyfield's* case, "That in great and notorious extremities, as by casualty of fire, that all his evidences were burnt in his house; there, if that should appear to the judges, they may, in favour of him who hath so great loss by fire, suffer him, *upon the general issue,* to prove the deed by witnesses:" yet in an action on a simple contract, a *profert* is not necessary. A reason for the omission is, therefore, unnecessary. This note is not a specialty, nor a debt; but merely evidence of a collateral liability arising out of a simple contract. Vide *Coleman* v. *Wolcott,* 4 *Day* 388. *Bank of the United States* v. *Sill,* 5 *Conn. Rep.* 102. 1 *Chitt. Plead.* 349. *Swift's Ev.* 339.

If the averment of loss was unnecessary, the *time* of the loss was immaterial; and proof of a loss at the commencement of the action and time of trial, was sufficient. The loss of a bill or note alters not the rights of the owner, but merely renders secondary evidence necessary and proper; and a demand of payment of a lost note, is equally available as of a note in possession. *Chitt. Bill,* 195. (*Phil.* ed. 1821.) cites *Thackray* v. *Blackett,* 3 *Campb.* 164.

Impossibility of presenting a note at the time of maturity, may be given in evidence under the usual averment that the note was duly presented. *Chitt. Bills* 309. cites *Patience* v. *Townley,* 2 *Smith's Rep.* 223.

I, therefore, do not advise a new trial.

BRAINARD and BRISTOL, Js. were of the same opinion.

HOSMER, Ch. J. being related to one of the parties, gave no opinion.

New trial not to be granted.