MANION vs. THE STATE.

An affidavit for an appeal from the judgment of a J. P. on a conviction for assault and battery, stating that the appellant is "injured" instead of aggrieved, is sufficient.

### ERROR to Lafayette Circuit Court.

HAYDEN, *for Plaintiff.*

I. The affidavit made before the Justice was good, and sufficient in law to warrant the granting of the appeal. Digest, 1845, p. 674, sec. 15.

II. If the affidavit was not sufficient in law, the court erred in refusing the appellant the liberty of amending it as he proposed to do.

SCOTT, J., *delivered the opinion of the Court.*

Manion was convicted before a justice of the peace of an assault and battery, and fined. He took an appeal to the Circuit Court from the judgment of the justice. In his affidavit for an appeal he stated that he believed he was "injured" by the judgment of the justice. The word of the statute is "aggrieved." For this informality in the affidavit, the appeal was dismissed and a judgment rendered against the appellant and his surety.

It has been frequently held by this Court that it is error to dismiss an

appeal, and to reverse the judgment of a justice.   By dismissing the appeal the court loses cognizance of the subject.   When an appeal is dismissed the judgment of the justice stands in full force.

The affidavit was a substantial compliance with the law, and was sufficient to have entitled the party to his appeal.   Had it been otherwise, the 22d section of the act under which this proceeding was had would have empowered the court to permit its amendment.

The other Judges concurring, the judgment will be reversed.