EDMUND P. ARMSTRONG, Respondent, *v.* JAMES J. ARMSTRONG, Appellant.

| 36 | 225 |
| 59a | 548 |

*Negotiable Note—Endorser.*—To render the endorser of a negotiable promissory note endorsed after maturity liable as endorser to the holder, payment must be demanded of the maker, and notice of such demand and refusal of payment must be given to the endorser.

### Appeal from Clay Circuit Court.

*Woodson & Jones,* for appellant.

The error relied upon in this court for a reversal, is the ruling of the court below, that no demand of payment of the maker of said note, or of notice of non-payment by the maker to the endorser thereof, was necessary to enable the plaintiff below to recover a judgment against the endorser.

The court is referred to the case of Davis v. Francisco, 11 Mo. 573; McKinney v. Crawford, 8 Sergt. & R. 351; Berry v. Robinson, 9 Johns. 121; Rugby v. Davidson, Cons. Ct. 33; Smith's Merc. Law, 303–4; Pars. on Cont. 231–2.

*H. M. & A. H. Vories,* for respondent.

The note being over due when endorsed, it stood upon the same ground with a non-negotiable note, except that offsets could not perhaps be pleaded to it; and when the holder ascertained that the maker was insolvent, he was not bound to proceed any further, but at once might proceed against the endorser (or, in such case, more properly assignor) of said note and recover.

LOVELACE, Judge, delivered the opinion of the court.

This is an action to recover the amount of a negotiable promissory note, endorsed by the defendant to the plaintiff after maturity. It was tried in the court below upon an agreed statement of the facts, which admit that no demand was ever made of the maker, and no notice ever given to the endorser, who is the defendant here, of a demand and refusal. The court gave judgment against the defendant for

the amount of the note, to reverse which the case comes here by appeal.

We know of no principle of law upon which the judgment of the court below can be sustained. The statute provides that actions on negotiable notes may be maintained against the makers and endorsers respectively in like manner as in cases of inland bills of exchange, and not otherwise. (R. C. 1855, p. 296, § 16.) The law is too well settled to admit of doubt, that to hold the endorser of a negotiable promissory note, or a bill of exchange, liable, it is necessary that there should be a demand of payment made of the maker in reasonable time and reasonable notice of the refusal given to the endorser, otherwise he will be discharged; and this rule seems to apply with equal force to bills transferred after maturity. (Pars. on Cont. 256.) In the case of Davis v. Francisco (11 Mo. 573), it was held by this court that notice was necessary to hold the endorser of a negotiable promissory note liable, endorsed after maturity, but that the death of the maker at the time of endorsement might excuse the demand. Judge Scott, in a dissenting opinion, said that it was equivalent to a new bill payable at sight; and to hold the endorser liable, a demand and notice were necessary under all circumstances. In McKenney v. Crawford, it is said that there is no difference, so far as the endorser is concerned, between an assignment before and after maturity. (McKenney v. Crawford, 8 Sergt. & R. 351; Rugby v. Davidson, 2 S. C., Cons. R. 33.)

The other judges concurring, the judgment is reversed and the cause remanded.