BEELER v. FROST, *Appellant.*

**Promissory Note**: WAIVER OF NOTICE of dishonor of a promissory note cannot be shown by parol evidence. (*Rodney v. Wilson*, 67 Mo. 123.)

*Appeal from Crawford Circuit Court.*—HON. V. B. HILL, Judge.

REVERSED.

*C. C. Bland* for appellant.

*J. C. Kiskaddon* for respondent.

NORTON, J.—Plaintiff, in her amended, petition, states that, on the 6th day of October, 1869, the defendants C. E. Frost and G. J. Wiley, executed and delivered to defendant, E. F. Frost, their promissory note of that date, whereby they promised to pay to the order of said E. F. Frost, for value received, one day after date thereof, the sum of $1,000, negotiable and payable without defalcation or discount, and with interest from date at the rate of ten per cent. per annum, and that afterwards, and after the note was due, the said E. F. Frost, for value received, indorsed said note and delivered it to plaintiff, who is now the legal holder and owner thereof, and that at the time of such indorsement and delivery, the said E. F. Frost waived the necessity of the presentment of said note for payment to the makers thereof, and that said E. F. Frost waived the necessity of notice of presentment and demand of payment; that interest on said note has been paid up to the 6th day of October, 1872, and that said note, together with interest thereon, is yet due. Defendants, C. E. Frost and G. J. Wiley, did not answer. Defendant, E. F. Frost, filed an answer, in which he denied the averment contained in the petition that he had waived the necessity of notice and demand of payment on said note, and averred that notice of presentment and demand of payment of said

note had never been given him.    Upon trial had, judgment was rendered for plaintiff, from which defendant has appealed to this court.

. It is settled by the following cases that to render an indorser of a negotiable promissory note indorsed after maturity, liable as indorser, the holder or indorsee must demand payment of the maker and give notice to the indorser of such demand and refusal to pay :    *Davis v. Francisco*, 11 Mo. 573 ; *Light v. Kingsbury*, 50 Mo. 332 ; *Armstrong v. Armstrong*, 36 Mo. 225.    The pleader, by his petition, admits this rule, but to avoid the effect of it, alleges a waiver by the indorser at the time of the indorsement, of the necessity of notice of presentment and demand of payment.    This having been put in issue by the answer, the plaintiff, to sustain her averment, offered on the trial parol evidence tending to show that such waiver of notice was made by defendant at the time of the transfer and delivery of the note.    The evidence thus offered was received over the objection of defendant, and this action of the court is assigned for error.    The precise question here presented was passed upon by this court in the case of *Rodney v. Wilson*, 67 Mo. 123, and it is there expressly decided that such evidence was inadmissible.    For the error committed in receiving it the judgment will be reversed and cause remanded.    All the judges concur.