BULLENE v. COATES, *Assignee of the Mastin Bank, Appellant.*

Ayres v. The Farmers & Merchants Bank, *ante*, p. 421, affirmed.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*Pratt, Brumback & Ferry* for appellant.

*Peak & Yeager* for respondent.

NORTON, J.—This suit was instituted by plaintiff to recover of defendant, as assignee of the Mastin Bank, the sum of $1,536.68, that being the amount of divers checks, drafts and post-office orders which the petition alleges had been deposited with said bank on the 2nd day of August, 1878, for collection, and which defendant had collected. The answer denies that any drafts, checks or post-office orders had been deposited with said bank for collection, and alleges that on the 2nd day of August, 1878, during banking hours, plaintiff deposited for credit with said bank $2,812.98, and received at the time on the books of the bank credit therefor, and also received credit on their pass book for that sum. Said sum was made up of a number of items, plaintiffs at the time furnishing the bank with a statement thereof as follows:

KANSAS CITY, August 2nd, 1878.

*Deposited by*

BULLENE, MOORES & EMERY

*with The Mastin Bank.*

|  |  |  |
|---|---|---|
|  | $ 1,090 | 00 |
|  | 6 | 00 |
|  | 84 | 00 |
|  | 5 | 00 |
|  | 63 | 00 |
|  | 21 | 60 |
|  | 49 | 40 |
|  | 35 | 65 |
|  | 44 | 02 |
|  | 5 | 85 |
|  | 289 | 75 |
|  | 73 | 82 |
|  | 185 | 46 |
|  | 40 | 70 |
|  | 14 | 70 |
|  | 188 | 92 |
|  | 4 | 50 |
|  | 9 | 84 |
|  | 15 | 30 |
|  | 12 | 50 |
|  | 20 | 00 |
| $ 5 15 | 35 | 40 |
| 7 84 | 21 | 06 |
| 3 00 | 21 | 85 |
| 1 00 | 37 | 25 |
| 20 40 | 37 | 50 |
| 50 00 | 59 | 75 |
| 3 50 | 50 | 00 |
| 1 00 |  |  |
| 5 87 | 97 | 76 |

Mexican silver 67  00                 Silver 132 00

10 per cent off   6 70

                                                        60 30

                                              $2,812 98

    The evidence on the trial showed that a large number of these items were checks and drafts which at the time the deposit was made, were indorsed by plaintiffs, and thereupon the account of plaintiffs with the bank was credited for the whole sum in cash, and a like credit was also given on the plaintiffs' pass book, and which amount plaintiffs, under the course of dealing had a right to draw for immediately.

    Under the ruling of this court made at the present term in the case of *Ayres v. Farmers & Merchants Bank*, *ante*, p. 421, the checks deposited under the circumstances above detailed, became the property of the Mastin Bank, and said bank became the debtor of plaintiffs to the amount of the checks so deposited and indorsed. The evidence clearly shows that the checks were indorsed and deposited for credit, and not for collection and credit when collected. It is also in evidence that plaintiffs proved up before the assignee a claim against the Mastin Bank in which the above sum placed to their credit was included. Upon the claim so proved up the plaintiffs must stand, and inasmuch as the checks deposited, as before indicated, belonged to said bank, the suit of plaintiffs based on the theory that the checks remained the property of plaintiffs, and that the Mastin Bank and defendant Coates, in collecting and receiving the proceeds, were the mere agents of plaintiffs, cannot be maintained, and the judgment will, therefore, be reversed, all the other judges concurring.