JAMES A. KAVANAUGH, Respondent, v. THE FARMERS'
BANK OF MAITLAND, Appellant.

### Kansas City Court of Appeals, December 3, 1894.

1. **Banks and Banking:** CHECK: NEGOTIABLE. An instrument which is an order upon a bank for the payment of a certain sum instantly on demand from funds of the maker, is a check; is negotiable and subject to the same principles which govern ordinary bills of exchange in respect to the rights of the holder.

2. ———: CHECK DEPOSITED: PURCHASER. A bank receiving an indorsed check from its customer and giving him credit on its books for such money deposited, becomes a purchaser and the title to the check vests in it, and it becomes the debtor of the customer.

3. ———: ———: COLLECTION. When the check is delivered for collection, the transfer of title is only conditional; and the duty of the bank is to forward it in the usual and customary course of business to another bank for collection, and it is required only to use due diligence in such forwarding; or, if the drawee resides at the same place with the bank, it is only liable for negligence of its agent to whom it confides the collection.

4. ———: ———: PURCHASER. When the bank becomes the purchaser of the check by giving credit to its customer on his indorsement, the customer has no further concern with the matter, unless upon due presentment payment be refused and notice thereof given him; and then he can only be held as indorser.

5. **Bills and Notes:** LOSS: PRESENTMENT: NOTICE. The loss or destruction of a bill or note is no excuse for the want of demand of payment or of due notice; and demand, protest and notice upon a copy when the original is lost, is as effectual as if made upon the original itself; and it is not absolutely requisite that a copy should be used.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A.
ANTHONY, Judge.

AFFIRMED.

*L. R. Knowles* and *H. S. Kelley* for appellant.

(1.) The seventh instruction, in the nature of a demurrer to the evidence, should have been given, and

the court erred in refusing it.   The defendant received
the check for collection, and having adopted the usual
course pursued by banks in that locality, without avail,
the loss would fall on the plaintiff, and the bank had
the right to charge it back to him.   Bolles on Banks,
etc., sec. 454.   (2) The court erred in giving instruc-
tion number 1 at the request of plaintiff.   (3) The
second instruction given for the plaintiff was erro-
neous.   *Wind v. Bank*, 39 Mo. App. 72.   (4) The
court erred in refusing the first instruction requested by
defendant.   The Swartz check does not contain the
words, for value received, and is a nonnegotiable
instrument.   It was not necessary to present it and
give notice of nonpayment. *Shoe Co. v. Wm. P. Cross*,
Mo. App. *Bank v. Bank*, 30 Mo. App. 271; *Pocoke v.
Blount*, 6 Mo. 338, 37 Mo. 91.   (5) The defendant's
second instruction should have been given   *Moody v.
Mack*, 43 Mo. 210; *Pier v. Heinrichshoffer*, 67 Mo. 163;
*Pickle v. Bank* (Tenn.), Am. R. R. and Corp. Cases,
331, 739, 749; *Sallein v. Bank* (Tenn.), 16 S. W. Rep.
373; Bolles on Banks, etc., *supra*.  (6) The defendant's
sixth instruction should have been given. *Mittenberger
v. Spaulding*, 33 Mo. 421.   *Park v. Viernow*, 16 Mo.
App. 383; *Coquard v. Bank, etc.*, 12 Mo. App. 261; As
to custom, see *Martin v. Ashland Mill Co.*, 49 Mo.
App. 23.   (7) The court erred in modifying defend-
ant's instructions 3, 4 and 5.  *Bank v. Sprague*, 51 N. W.
Rep. (Neb.) 846; *Bank v. Logan* 52 N. W. Rep. (Neb.),
808;   *Millikin's Case*, 36 Mo. 596;   *Daly's Case*, 56
Mo. 94; *Bank v. Dickson*, 50 N. W. Rep. 124; 6 Dak.
301.

    *T. C. Dungan* for respondent.

    (1) The title of the check passed to the defendant,
and plaintiff became, and was, an indorser, and could

only be held liable on said check as such indorser, by presentment, demand of payment and notice of non-payment. *Faulkner v. Faulkner*, 73 Mo. 327; *Davis v. Francisco*, 11 Mo. 573; *Light v. Kingsbury*, 50 Mo. 832; *Armstrong v. Armstrong*, 36 Mo. 225; *Beeler v. Frost*, 70 Mo. 185; *Rodney v. Wilson*, 67 Mo. 125; Bolles on Banks, etc., secs. 454, 461, 462, also sec. 20. Even if the defendant received the check for collection, he did not adopt the usual course pursued, and required to be pursued, by collecting banks. It was in that case incumbent for defendant, to send the check, or cause it to be sent, to a competent bank, or person, different from the drawee, to the place where drawee resides, or check is payable. Bolles on Banks, etc., sec. 458; *Bank v. Packing & Provision Co.*, 117 Ill. 100; affirmed 18 Brad., p. 191. (2) Plaintiff's instruction number 1 was right, and embodied the law of this case. (3) Plaintiff's third instruction clearly embodies the law, and is not erroneous. Bolles on Banks, secs. 20 and 301; *Bullene v. Coates*, 79 Mo. 426; *Ayres v. Bank*, 79 Mo. 421; *Cody v. Bank*, 21 N. E. Rep. 373; *Wasson v. Lamb*, 22 N. W. Rep. (Ind.), 729, and cases cited; *Bank v. Burkhardt*, 100 U. S. 686; *Titus v. Bank*, 35 N. J. Law, 588; *Railroad v. Johnston*, 27 Fed. Rep. 243; 2 Randolph on Com. Paper, secs. 742–758; Bank checks are, in form and effect, bills of exchange; *Harker v. Wendell*, 21 Wend. 372; *Foster v. Paulk*, 41 Me. 428; *Singer v. Dickneite*, 51 Mo. App. 245; Bank of Mobile, 42 Ala. 108; *Little v. Bank*, 2 Hill, 425; *Thompson v. Sloan*, 22 Wend. 73; Bolles on Bank, etc., *supra*; *Bank v. Bank of Commerce*, 107 Mo. 402. (4) The court properly refused defendant's first instruction. The check in controversy was a negotiable instrument, and defendant and its correspondent and agents were held to the same diligence as upon any other inland bill of exchange. See cases cited

under last clause of point number 4. 1 R. S., sec. 736; Morse on Banks, etc., [3 Ed.], sec. 442; 3 Randolph on Com. Paper, sec. 1200; *Taylor v. Newman*, 77 Mo. 257; *Burns v. Kahn & Furst*, 47 Mo. App. 215; *State v. Vincent*, 91 Mo. 666; *Turnbull v. Boyer*, 40 N. Y. Sup. Court, 100, Amer. Dec. 523; *Robertson v. Coleman*, 141 Mass. 231; *Bank v. Bank*, 55 N. W. Rep. 239; *Bank v. Miller*, 55 N. W. Rep. 1064.    (5) The court rightly refused defendant's second instruction. (6) The court committed no error prejudicial to the defendant in modifying and giving, as modified, defendant's instructions 3, 4 and 5.    *Cody v. Bank*, 22 N. E. Rep. 373; *Adams v. Darby & Barksdale*, 28 Mo. 163.

SMITH, P. J.—The defendant, the Bank of Maitland, was a corporation duly organized and doing business in the town of Maitland, in this state.    Plaintiff, James A. Kavanaugh, was a farmer living a few miles from said town of Maitland, and was a regular customer and depositor of said defendant bank, and had had dealings and an account therewith since the year 1881, and was reliable and financially responsible.    The defendant bank provided said plaintiff as such customer and depositor, as it did all its patrons and depositors, with a bank pass book in which the account between him and said bank was kept, and which showed all deposits made by plaintiff, and credits given him, as well as all checks drawn by him, and paid by said bank out of his funds and deposits.    The bank at the time of said transaction with plaintiff by its officers made and kept all the entries therein.

One J. C. Swartz, about the twenty-first day of May, 1891, purchased of plaintiff some stock and paid for the same with a check, of which the following is a copy:

SAVANNAH, May 21, 1891.    No.——

"*State Bank of Savannah:*

"Pay to J. A. Kavanaugh, or bearer, $92.50, ninety-two, 50–100 dollars.

"J. C. SWARTZ."

Plaintiff indorsed said check in blank by writing his name, "J. A. Kavanaugh," across the back thereof and sent the same with his bank pass book to the Maitland bank by one of his neighbors. The bank balanced the account after crediting the said check as a cash deposit, on the same day, May 22, 1891, and showed thereon a balance in favor of plaintiff of $101.81.

On the thirtieth day of April, after the balancing of said account as shown by said pass book, plaintiff drew his check on the bank of Maitland, payable to the Citizens' Bank of Graham, for $192.76, the amount of said balance. The drawee bank in regular course of business caused the check to be presented for payment to the Bank of Maitland, and payment thereof was refused, and the check was duly protested for nonpayment, and same was returned to plaintiff, which he received, paying $2.45 protest fees. On the seventh day of May, 1892, the plaintiff made formal demand upon the defendant Bank of Maitland, for payment of said balance of $192.76 due, with the $2.45 protest fees by him paid.

At the time the defendant bank received the Swartz check on May 22, 1891, indorsed in blank, and gave credit therefor, to plaintiff payee thereof, the the defendant bank made the following indorsement across the back thereof, "pay State National Bank of St. Joseph, Missouri, or order, for collection account of Farmers' Bank, Maitland, Missouri," and transmitted same by mail in due course, to the State National Bank, its regular correspondent. On the next day,

twenty-third, about 11 o'clock A. M., the check was cleared through the clearing house of St. Joseph, Missouri, by the following indorsement across the back thereof, "State National Bank Clearing House, St. Joseph, Missouri, May 23, 1891," and the same was delivered to the Schuster-Hax National Bank of St. Joseph, Missouri, which was the regular correspondent of the State Bank of Savannah, on which J. C. Swartz' check was drawn in favor of plaintiff Kavanaugh.

The said Schuster-Hax National Bank, on the evening of the same day, May 23, 1891, made the following indorsement on the check: "For collection and credit account, the Schuster-Hax National Bank, St. Joseph, Missouri, S. A. Walker, cashier," and transmitted same, with other remittances to the drawee, State Bank of Savannah. It seems the letter transmitting said remittances never reached said State Bank of Savannah, and the check was never presented to, or collected of, said Savannah Bank or in any way charged therein against the drawer, Swartz. About the first day of June, 1891, it was learned, upon inquiry by the Schuster-Hax National Bank, that the check and other remittances had never reached said State Bank of Savannah, and notice of the fact was duly given to the respective banks owning, transmitting and collecting the check, and requests were successfully made for the procuring a duplicate of the check, and about the ninth of June, 1891, defendant bank informed plaintiff of the loss, and requested him to procure a duplicate of Swartz. Plaintiff and the banks, including the Savannah Bank, wrote letters to Swartz requesting such duplicate, but no response or duplicate came to any of them. It further appears that said Swartz was a regular customer and depositor of said State Bank

of Savannah, and had funds deposited therein to pay all his checks, and that said check of $92.50, so drawn to plaintiff would have been honored and paid by said State Bank of Savannah at any time after it was drawn, until the nineteenth day of June, 1891. It further appears that the said State Bank of Savannah informed the Schuster-Hax National Bank at the time the loss of the check was ascertained, that said Swartz had such funds on deposit, sufficient to pay said lost check.

Neither the Farmers' Bank of Maitland, the State National Bank, nor Schuster-Hax National Bank, at any time, presented said check, or a copy thereof, or any affidavit of loss, or offered any indemnity to said State Bank of Savannah, and never demanded payment, nor took any steps whatever to secure payment of said check, or to have said bank retain and hold any part of Swartz's funds, or to protest said check or copy thereof, for nonpayment, but, on the contrary, relied solely, for eleven months, on the bare possibility of obtaining a duplicate check from said Swartz, and even after Swartz had withdrawn and exhausted all his funds on deposit with said State Bank of Savannah, no effort was made to collect the amount of the check off of Schwartz, the drawer, or to furnish any proof of loss of the check.

About the month of March or April, 1892, the Schuster-Hax National Bank demanded of the State National Bank that it refund them the amount of the check, and it paid the same without objection, and in the same month of April, 1892, the Farmers' Bank of Maitland, on demand, paid the amount to said State National Bank, and on the thirtieth day of April demanded payment of said amount of plaintiff Kavanaugh, and upon his refusal to pay, charged it back to him on the books of the bank, and against the balance due him, and notified plaintiff of the fact by letter accompanied with a

copy of said check.   The plaintiff instituted this action
before a justice of the peace to recover the sum of
$192.76 amount of the balance claimed by him together
with $2.75 protest fees paid by him as already stated.
The case was removed by appeal to the circuit court,
where plaintiff had judgment, and the defendant
appealed.

The instrument, which has already been set out,
was an order drawn upon a bank for the payment of a
sum certain to the plaintiff and was payable instantly
on demand.  In legal effect it purported to be drawn on
funds of the maker in the bank and therefore it was a
check.    Daniel on Neg. Instrs. [3 Ed.], sec. 1556;
Morse on Banking [2 Ed.], 164; *State v. Vincent*, 91 Mo.
662.   It was payable to plaintiff ''or bearer'' and under
the law as now settled in this state was negotiable and
subject to the same principles which govern ordinary
bills of exchange in respect to the rights of the holder.
*Burns v. Kahn*, 47 Mo. App. 216; *Famous Shoe Co. v.
Crosswith*, 27 S. W. Rep. 397; Daniel on Neg. Instrs.
[4 Ed.], 1651, 1652; Tiedeman on Com. Paper, sec. 440.

The effect of the defendant receiving the check so
indorsed by plaintiff in blank and in giving him credit
for the amount thereof on its books as so much money
deposited against which plaintiff could immediately
draw, was to make defendant a purchaser.   The title
passed from plaintiff and vested in defendant so that it
became the absolute owner thereof.   The defendant
became the debtor of the plaintiff for the amount
of the check.   *Ayers v. Bank*, 79 Mo. 421; *Bullene
v. Coats*, 79 Mo. 426.  This case is distinguishable
from that where a check is indorsed and delivered to a
bank for collection only.   In the latter the title to the
check does not pass to the bank absolutely.   The trans-
fer is only conditional.   When such check is drawn on
a bank at a distant place and where it becomes neces-

sary in the usual and customary course of business to employ another bank through which to make the collection, such bank so employed is the agent of the owner of the check and not of the bank. The bank with which the check is placed in such case is required to use due diligence and transmit such check to a proper correspondent for collection with instructions to collect the same and remit proceeds, and having done this its responsibility ends there. *Daly v. Bank*, 56 Mo. 94.

The rule is otherwise, if the drawee of the check resides at the same place with the bank. In that case the collecting bank is liable for the negligence of the agent to whom it chooses to confide the duty of making demand upon the drawee. *Dyas v. Hanson*, 14 Mo. App. 363; *Gerhardt v. Saving Inst.*, 38 Mo. 60. But when the bank is the purchaser of the check as in this case, the indorser has no further concern about it since he has parted with his property therein. If, however, within a reasonable time it is presented to the drawee and payment thereof refused, then the purchaser or holder will be entitled to recourse on the indorser. But until due presentment, demand of payment and notice of nonpayment, he can not be held liable on the check as indorser. *Davis v. Francisco*, 11 Mo. 573; *Light v. Kingsbury*, 50 Mo. 331; *Armstrong v. Armstrong*, 36 Mo. 225; *Beeler v. Frost*, 70 Mo. 185; *Rodney v. Wilson*, 67 Mo. 123; Bolles on Banks, etc., secs. 454, 461, 462, also sec. 20.

It must be conceded in this case that neither the defendant nor its correspondent bank ever presented the check to the drawee bank for payment. There is no pretense that there is any evidence of presentment, demand of payment or notice of nonpayment. It is, however, shown that the check after reaching defendant's correspondent bank was lost in the transmission

through the mail to the drawee bank for payment. After the discovery of the loss of the check the defendant and its agents contented themselves with requesting of the plaintiff and the drawer, Swartz, a duplicate of the lost check, which was not forthcoming.

Under these circumstances, was the defendant authorized to charge back the amount of the check to plaintiff in his account with it? Would defendant, as it did, be authorized to do this without first fixing plaintiff's liability as indorser by regular demand, protest and notice? This must, we think, be answered in the negative. The loss or mislaying or destruction of a bill or note payable on a day certain so that at its maturity the holder is not able to deliver it up to the acceptor or maker upon its being paid, is, as a general rule, no excuse for want of demand of payment or of due notice to the drawer or indorser. The reason why this is so is because the loss can not change the contract of the parties and the drawer and the indorser will at once be discharged if there be a failure in respect of either demand, protest or notice. The loss does not relax the duty of the holder to make demand in due season. Daniels on Neg. Instrs., secs. 1464, 1475, 1170; Wood's Bayles on Bills and Notes, 380; Parsons on Bills and Notes, 260. It seems well settled that demand, protest and notice upon a copy when the original is lost is as effectual as if made upon the original itself. Daniel on Neg. Instrs., sec. 1464; Parsons on Bills and Notes, 260; Hinsdale v. Miles, 5 Conn. 331; Thackery v. Blockett, 3 Camp. 164. And it does not seem absolutely requisite that a copy should be used. 2 Parsons on Bills and Notes, 261.

The instructions given by the court for the plaintiff are in harmony with the views of the law we have expressed. Those given for the defendant were erroneous and far more favorable than it had any right to.

No error is perceived in the action of the court in refusing the defendant's first, second, sixth, seventh and eighth instructions. The finding of the court on the undisputed evidence was so manifestly for the right party that it has been deemed unnecessary to examine in detail the numerous instructions given and refused by the court.

The judgment will be affirmed. All concur.