Shippen, President.
 

 This action is brought against the acceptors of an inland bill of exchange, made payable to Bass
 
 &
 
 Soyer, and indorsed by them,
 
 after the acceptance,
 
 to the plaintiff, for a valuable consideration. The bill is payable to Bass
 
 &
 
 Soyer, without the usual words “ or order ” “ or assigns,” or any other words of negotiability. The question is, whether this is a bill of exchange, which by the law-merchant, is indorsable over, so as to enable the indorsee to maintain an action on it against the acceptors, in his own name.
 

 The court has taken some time to consider the case, not so much from their own doubts, as because it is said, eminent lawyers, as well as judges, in America, have entertained different opinions concerning it. There is certainly no precise form of words necessary to constitute a bill of exchange, yet, from the earliest time to the present, merchants have agreed upon nearly the same form, which contains few or no superfluous words, terms of negotiability usually appearing to make a part of it. It is indeed generally for the benefit of trade, that bills of exchange, especially foreign ones, should be assignable ; but when they are so, it must appear to be a part of the contract, and the power to assign must be contained in the bill itself. *The -* drawer is the law-giver, and directs the payment as he pleases ; the receiver knows the terms, acquiesces in them, and must conform.
 

 There have doubtless been many drafts made payable to the party himself, without more, generally, perhaps, to prevent their negotiability.. Whether those drafts can properly be called bills of exchange, even between the parties themselves, seems to have been left in some doubt by the modern
 
 *207
 
 judges. Certainly, there are drafts in. the nature of bills of exchange, which are not strictly such, as those issuing out of a contingent fund ; these (say the judges in 2 W. Black. 1140) do not operate as bills of exchange, but when accepted, are binding between the parties. The question, however, here, is not, whether this would be a good bill of exchange between the drawer, payee and acceptor, but whether it is indorsable.
 

 Marius’s Advice
 
 is an old book of good authority ; in page 141, he mentions expressly such a bill of exchange as the present, and the effect of it, and he says, that the bill not being payable to a man
 
 or his assigns, or order,
 
 an assignment of it will not avail, but the money must be paid to the man himself. In
 
 Hodges
 
 v.
 
 Stewart,
 
 1 Salk. 125, it is said, that it is by force of the words, “ or order,” in the bill itself, that authority is given to the party to assign it by indorsement. In
 
 Jordan
 
 v.
 
 Barloe,
 
 3 Salk. 67, it is ruled, that where a bill is drawn payable to a man, “ or order,” it is within the custom of merchants ; and such a bill may be negotiated and assigned by custom
 
 and the contract of theparties.
 
 And in
 
 Hill
 
 v.
 
 Lewis,
 
 1 Salk. 133, it is expressly said by the court, that the words, “ or to his order,” give the authority to assign the bill by indorsement, and that without those words the
 
 drawer
 
 was not answerable to the indorsee, although the
 
 indorser
 
 might,
 

 An argument of plausibility is drawn in favor of the plaintiff, from the similarity of promissory notes to bills of exchange. The statute of 3
 
 &i
 
 4
 
 Anne
 
 appears to have two objects ; one to enable the person to whom the note is made payable, to sue the drawer upon, the note, as an instrument (which he could not do before that act), and the other to enable the indorsee to maintain an action in his own name against the drawer. The words in this act which describe the note on which an action will lie for the payee, are'said to he the same as those on which the action will lie for the indorsee, namely, that it shall be a note payable to any person, or his order ; and it appearing by adjudged cases, that an action will lie for the payee although the words “ or order ” are not in the rióte, it follows (it is contended), that an action will also he for the indorsee, without those words. If the letter of the act was strictly adhered to, certainly, neither the payee nor indorsee could support an action on a note, which did not contain such words of negotiability as are mentioned in the act; yet the construction of the judges has been, that the original payee may support an action on a note not made assignable in terms. The foundation of this construction does not fully appear in the cases, but it was probably thought consonant to the spirit *of the act, as the words “ or order ” could have no effect, and might be supposed immaterial, in a suit brought by the payee himself against the maker of the note. But to extend this construction to the case of an in-dorsement, without any authority to make it, appearing on the face of the note, would have been to violate not only the letter but the spirit of the act. Consequently, no such case anywhere appears. On the contrary, wherever the judges speak of the effect of an indorsement, they always suppose the note itself to have been originally made indorsable. The case of
 
 Moore
 
 v.
 
 Manning,
 
 in Com. 311, was the case of a promissory note originally payable to one and
 
 his order ;
 
 it was assigned, without the words “ or order ” in the indorsement; the question was, whether the assignee could assign it again
 
 ;
 
 the chief justice, at first, inclined that he could not, but it was afterwards resolved by the whole court, that if the bill was originally assignable, “ as it.
 
 *208
 
 will be (say the court), if it be payable to one and
 
 his order''
 
 then to whomsoever it is assigned, he has all the interest in the bill, and may assign it as he pleases. Here, the whole stress of the determination is laid upon what were the original terms of the bill, if it was made payable to one and
 
 his order,
 
 it was assignable, even by an indorsee, without the word “ order ” in the indorsement; it follows, therefore, that if the bill was not originally payable to order, it was not assignable at all. The same point is determined for the same reasons, in the case of
 
 Edie & Laird
 
 v.
 
 East India Company,
 
 in 1
 
 W.
 
 Black. 295, where Lord Mansheld says, “the main foundation is to consider what the bill was in its origin ; if, in its original creation, it was a
 
 negotiable draft,
 
 it carries the power to assign it.” In a similar case, cited in Buller’s Nisi Prius, 275
 
 (Rex
 
 v.
 
 Morris),
 
 the court held, that as the note was in its original creation
 
 indorsable,
 
 it would be so in the hands of the indorsee, though not so expressed in the indorsement.
 

 These cases leave no room to doubt what have been the sentiments of the courts in England upon the subject. To make bills or notes assignable, the power to assign them must appear in the instruments themselves ; and then, the custom' of merchants, in the case of bills of exchange, and the act of parliament, in the case of notes, operating upon the contract of the parties, will make them assignable.
 

 In the case before us, no such contract appears in the bill. The acceptance was an engagement to pay according to the terms of the bill to Bass
 
 &
 
 Soyer ; a subsequent indorsement, not authorized by the bill, cannot vary or enlarge that engagement, so as to subject the acceptor, by the law-merchant, to an action at the suit of the indorsee.
 

 Judgment for the defendant,
 
 (a)
 

 (a)
 

 In Barriere
 
 v.
 
 Nairac, 2 Dall. 249, which was an action by the indorsee, against the maker of a promissory note, judgment was arrested, after a writ of inquiry of damages returned, because it appeared from the declaration, that the note was drawn in favor of the payee alone, without the words “or order.” And see Waters v. Millar, post, p. 369, where it was held, that an action could not be maintained against the maker of a note payable A order, on the mere sale and deliverv of it, without an indorsement or assignment.