Wash, J.,
delivered the opinion of the Court.
This was an action of assumpsit brought by Miller against Myers, in the St. Louis Circuit Court, to recover the amount of a promissory note made by Peter W. and Robert McQueen, and endorsed by Myers. Peter McQueen lived in New York, and Robert in St. Louis, at the time the note was given. They were partners in conducting the business of a foundry in St. Louis, and it appeared that the firm in St. Louis had not effects in Missouri sufficient to satisfy the demands- against it, but that the partner in New York had property, and that Robert had some property in Illinois, the value of which is not-shown. On the trial in the Circuit Court the cause was referred to Auditors, and the Court instructed them that if the firm in St. Louis was so far insolvent that a suit in Missouri would be unavailing, the plaintiff was enitled to recover against the endorser, although one of the makers of the note had Property in New York where he resided. Under this instruction the Auditors found *403 for the plaintiff, and judgment was entered up accordingly 5 to reverse which, Myers prosecutes Ms writ of error in this Court. Several questions have been raised; the only one we shall consider, grows out of the instruction given by the Circuit Court to the Auditors, upon the above statement of facts. And it seems to us clear that the Court erred in giving this instruction. The partners might have had no effects in Missouri, and yet have been rich. It seems that one of them resided in New York at the time the note was given, where he continued to reside in the possession of considerable property.
The endorsee must be presumed to have known and trusted to the condition of the makers at the time it was endorsed, since he was required in the first instance to use due diligence to obtain the money of them before he could call upon the endorser. It should at least have been shown that the makers were insolvent and unable to pay their debts generally, or that suits prosecuted in New York and Missouri, where the makers resided at the time of making the note, and continued to reside when it became due, would have been unavailing. The judgment-of the Circuit Court must therefore he reversed, with costs.