No. 33.—Hilliard J. Reed, for the use of Oswell Holley, plaintiff in error, *vs.* Thomas H. Murphy, defendant in error.

A note, to be negotiable by endorsement, so as to give a right of action to the endorsee, in his own name, must contain negotiable words, giving it a transferrable quality. It must be payable to the payee, and to his *order, or assigns, or to bearer,* in pursuance of the statute of *Anne.*

A note, without such negotiable words, is a valid instrument, as between the original parties, and is entitled to the allowance of the three days of grace, and may be declared on, as a promissory note within the statute. But it cannot be transferred or negotiated, so as to enable the assignee to sue upon it in his own name.

This was an action of assumpsit, tried on appeal before Judge Warren, in the Superior Court of the county of Sumpter, at May Term, 1846. It was predicated upon a note, made by the defendant, payable to James C. and Jephtha B. Pickett, for $480 00, due the 25th day of December, 1843, and endorsed by Jephtha B. Pickett to James C. Pickett, and by him to Hilliard J. Reed, the plaintiff in error. Upon the trial, the said note being tendered in evidence, the counsel for the defendant in error objected, and moved to dismiss the action, on the ground that the note aforesaid, having no negotiable words, was not by law transferable in such a manner as to vest a right of action in the plaintiff, who was the endorsee, in his own name, and insisted that the action should have been brought in the name of the original payees, for the use of the equitable owner. Whereupon, after argument, the court below sustained the motion, and rendered judgment of nonsuit. To which the counsel for the plaintiff in error excepted, and assigned for error that the court below erred in deciding that a promissory note was not, according to the laws of Georgia, negotiable by endorsement, so as to vest in the endorsee a right of action in his own name, even without words of negotiability.

Henry K. McCay, for the plaintiff in error.

Geo. M. Dudley, for the defendant in error.

*By the Court*—Warner, Judge.

The only question involved in this case is, whether a promissory note, without any negotiable words in the body of it, can be transferred by endorsement, so as to authorize the endorsee to maintain an action thereon, *in his own name.* The note set out in the record, has no negotiable words upon its face. It is contended, however, that by the 25th section of the judiciary act of 1799, this note is made negotiable.—*Prin. Dig.* 426. The negotiability of instruments was discussed, and decided by this court, in the case of *Broughton* vs. *Badgett,* in which the construction proper to be given to the judiciary act of 1799 was considered. In that case, the question arose as to the negotiability of a bill of sale for a slave, transferred by endorsement. We will, however, consider the statute as applicable to *promissory notes,* and express our opinion thereon. By the statute of *Anne,* promissory notes, made payable to *order, or bearer,* were

made negotiable; and by the act of 1784, (*Prin. Dig.* 570,) the statute of *Anne* was adopted as the law of this State.   In order to make a promissory note negotiable, within the statute of *Anne*, it must have negotiable words on its face.   It must be payable to the payee, and to his *order*, *or assigns, or to bearer*, to give it a transferable quality.   Without such words, it is a valid instrument as between the parties, and is entitled to the allowance of the three days of grace, and may be declared on as a promissory note within the statute.   But if it wants negotiable words, it cannot be transferred or negotiated, so as to enable the assignee to sue upon it in his own name.—3*d Kent's Com. on American Law*, 77 ; *Chitty on Bills*, 66 ; *Hill* vs. *Lewis*, 1*st Salk. Rep.* 132 ; *Burchell* vs. *Slocock*, 2*d Lord Raymond*, 1545 ; *Smith* vs. *Kendall*, 6 *Term Rep.* 123 ; *Downing* vs. *Backentoes*, 3*d Caines' Rep.* 137.

Let us now advert to the legislation of Georgia on the subject of the negotiability of promissory notes.   By the 26th section of the judiciary act of 1797 it was enacted, " that all bonds and other specialties, and all promissory notes and other liquidated demands, bearing date since the 9th day of June, 1791, whether for money or *specific articles*, shall be of equal dignity, and be negotiable thereafter by endorsement, and may be *sued by the endorser, or assignee, in his, her, or their name, any law to the contrary notwithstanding :* Provided, that nothing herein contained shall prevent the party giving any bond, note, or other writing, from restraining the negotiability thereof, by expressing in the body thereof such intention."—*Marbury and Crawford's Dig.* 277.   This statute altered the statute of *Anne*, in two respects.   First, it made promissory notes for *specific articles* negotiable.   Secondly, it made *all promissory notes negotiable*, although no negotiable words in the body of them ; and authorized the endorsee or assignee to *bring suit thereon in his own name against the maker.*   If this act of 1797 was now of force, there could be no doubt as to the right of the plaintiff, to maintain his suit as endorsee, against the defendant.   But this statute of 1797 is not now of force in this State ; it was repealed by an act of the Legislature, passed 16th February, 1799, entitled " an act to revise, and amend the judiciary system of this State."—*Marbury and Crawford's Dig.* 308, for the repealing clause. The act of 1799 has placed promissory notes upon a different footing, in regard to their negotiability.   That act declares, " that all bonds and other specialties, and promissory notes, and other liquidated demands, bearing date since the 9th day of June, 1791, whether for money or other thing, shall be of equal dignity, and be negotiable by endorsement, *in such manner, and under such restrictions, as are prescribed in the case of promissory notes:* Provided, that nothing herein contained, shall prevent the party giving any bond, or other writing, from restraining the negotiability thereof, by expressing in the body thereof such intention."   We will now point out the difference between the statute of 1797, and the statute of 1799.   By the statute of 1797, it is declared, all promissory notes, &c., whether for money or " *specific articles*," shall be of equal dignity, &c.   In the statute of 1799, the words " *specific articles* " are omitted, and the words " *other thing* " substituted in their place.   By the statute of 1797 it is declared, " that all promissory notes, &c., shall be of equal dignity, and be negotiable by endorsement, *and may be sued by the endorsee or assignee, in his, her, or their name, any law to the contrary not-*

*withstanding."* In the act of 1799, *the words " and may be sued by the endorsee, or assignee, in his, her, or their name, any law to the contrary notwithstanding,"* are omitted, and the words *" in such manner, and under such restrictions, as are prescribed in the case of promissory notes,"* substituted in their place. Now, if the Legislature intended to place promissory notes, not having negotiable words in the body of them, on the same footing in regard to negotiability by endorsement, as notes payable to order or bearer, so as to authorize the endorsee to sue thereon in *his own name,* why were the very words in the statute of 1797, placing them on such footing, and giving the endorsee such authority, *stricken out,* when that statute was amended by the act of 1799 ; and the words *" in such manner, and under such restrictions, as are prescribed in the case of promissory notes,"* inserted ? The answer is obvious, and the intention of the Legislature, we think, clearly manifested. The act of 1797 being repealed by the act of 1799, the statute of Anne prescribes the *manner,* and *restrictions* for the negotiability of promissory notes in this State ; and that statute, as has been shown, authorizes such endorsees of promissory notes only as have negotiable words in the body of them, to maintain suits against the makers thereof in their own names. It was contended on the argument, by the counsel for plaintiff in error, that, as the defendant had not restrained the negotiability of the note, by expressing such intention in the body thereof, it must be considered as negotiable, within the proviso to the act of 1799. With equal propriety may it be said, the defendant did not intend the note should be negotiated by the payee, so as to authorize suit against him in the name of the endorsee, by *the omission of the very words necessary for that purpose.* The defendant promised to pay the *payee* of the note the amount specified therein ; he did not promise to pay to the payee, or *his order,* or to the *bearer* of the note. We are therefore of the opinion there is no error in the record, and that the judgment of the court below must be affirmed.