## BEEBE v. BROOKS et al.

An indorser of a promissory note, after maturity, is entitled to demand and notice of non-payment, before he is liable to pay.

The law requires a demand to be made within a reasonable time, and notice of non-payment must be seasonably given.

APPEAL from the Ninth District, County of Siskiyou.

Beebe *v.* Brooks.

This was an action brought to recover a sum of money due on a promissory note, and for a decree of sale of certain personal property pledged for the payment of the note.

The action was against the maker and indorser; the note was indorsed after it fell due. The cause was tried in the Court below without a jury, and the Court found as a fact, that Herzog, the indorser, had no notice of the dishonor of the note. Judgment was given for the plaintiff, against Brooks, the maker, and a non-suit as to Herzog, the indorser. Plaintiff appealed from that portion of the judgment dismissing the action as to Herzog.

*P. L. Edwards* for Appellant.

I. The indorsement of the respondent was made nearly two years after the maturity of the note, and it seems difficult to conceive the utility of any demand of payment, or notice of non-payment, after that time. The note was negotiable, and to give the ordinary effect to such demand and notice, the former must have been made on the last day of grace, and the latter must have been diligently given according to the circumstances of the case. Here, however, the note had been long due when the respondent made his indorsement.

II. Where a bill or note is indorsed after maturity, the indorsement is equivalent to drawing a new bill, or making a new note, and the indorser becomes an original promisor. Chitty on Bills, 215 ; Story on Promissory Notes, notes p. 627, sec. 479.

A leading case in support of our position is that of Brown *v.* Davis, 3 Term R. 80 ; see also Bank of North America *v.* Barriere, 1 Yeats, (Pa.) 360 ; Allen *v.* Rightmire, 20 John. R. 365 ; Hall *v.* Smith, 1 Bay's R. 330.

It is conceded that there are many authorities to the contrary ; but granting that there are such, and even that they outweigh those in our favor, we still insist that upon principle and right reason, the law ought to be pronounced in our favor. As late as 1849, the principal authorities on both sides of the questions were reviewed in the State of Pennsylvania, and the true doctrine, as we think, settled in our favor. Jordan *v.* Hurst, (12 Penn. State R. 269). This case most triumphantly overrules that of McKinney *v.* Crawford, (8 Sergt. & R. 351)

which had sought to overrule The Bank of North America *v.* Barriere, 1 Yeats, 360.

III. There is a large and respectable class of cases, in which the rule as to notes and bills indorsed when over due is, that demand and notice are dispensed with, and only diligence is necessary according to the circumstances. In other words, the only penalty of neglect is a responsibility for the injury which it actually occasions to the indorser, and the question of reasonable diligence is always a question for the jury. Chadwick *v.* Jeffers, 1 Richardson, 397 ; Gray *v.* Bell, 2 *Ib.* 67 ; 3 *Ib.* 71 ; cases cited 1 Amer. Leading Cases, 360.

If this be the true doctrine, then the plaintiff ought not to have been nonsuited; but the question ought to have been submitted to the jury, whether he had exercised reasonable diligence in trying to collect the amount of the note from the maker.

No brief on file for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The assignment of errors by the appellant in this case raises but one question, that is, whether, if a note be indorsed after it is due, the indorser is entitled to demand and notice, before he is liable to his indorsee ? The authorities, it is conceded, are not consistent. But we think that the weight and number are both in favor of the affirmative of this proposition. It would be a useless and almost an endless task to review them all. Mr. Parsons, in his recent work on Contracts, takes this view of the question. Parsons on Cont., 2 vol., p. 231, note.

We think that the rule should be as uniform as possible in its operation upon the same description of commercial paper. Even if we did not consider ourselves foreclosed by authority, we should hesitate long before we reached the conclusion that the indorser meant, by placing his signature upon an overdue note or bill, to become unconditionally liable for that amount. We suppose that the universal understanding of business men is, not that an indorsement is not equivalent to a promissory note upon which the indorser may be sued the next day, but

that it amounts to no more than a guaranty of the solvency of the maker ; and that the indorsee may, if he makes demand upon the maker and fails to get the money, have recourse upon the indorser. This is the extent of the indorser's liability. It is true that no time is expressly limited, as in cases of bills or notes not due, for demand and notice to the indorser ; but the law requires a demand to be made in a reasonable time, and notice of default seasonably given. No notice having been given in this case to the defendant, Herzog, the indorser, the Court below properly gave judgment for him.

Judgment affirmed.