EVANDER LIGHT, Plaintiff in Error, *v.* EZRA W. KINGSBURY *et al.*, Defendants in Error.

1. *Bills and notes — Indorsement after maturity — Presentment — Notice — Diligence.*— The indorsement of a negotiable note after maturity is equivalent to the drawing of a new bill of exchange at sight, and the same diligence in making demand of and giving notice is required to charge the indorsers. Where such indorsement was on the 19th of April, and the demand and refusal occurred on the 3d of the following July, no excuse appearing for the delay, the indorsers would not be liable.

*Error to Kansas City Court of Common Pleas.*

*S. P. Twiss* and *Gage & Ladd*, for plaintiff in error.

*M. D. Trefren*, for defendants in error.

ADAMS, Judge, delivered the opinion of the court.

The plaintiff sued the defendant Kingsbury as maker, and the other defendants, John Brooks, John G. Thompson and Aaron Raub as indorsers, of the following negotiable note :

" $3,500.00.   One day after date, for value received, I promise to pay to the order of Brooks, Thompson & Co. three thousand five hundred dollars, with interest at the rate of ten per cent. per annum until paid.                        E. W. KINGSBURY.

" Kansas City, January 7, 1869."

The petition alleged that the payees, Brooks, Thompson & Co., composed of John Brooks, John G. Thompson and Aaron Raub, on or about the 19th day of April, 1869, for valuable consideration, indorsed and delivered said note to the plaintiff ; that the plaintiff, on the 3d day of July, 1869, demanded of said Ezra W. Kingsbury the amount due by said note, who refused to pay the same ; and that plaintiff, on said 3d day of July, 1869, duly notified the defendants, Brooks, Thompson & Co., of said demand upon said Kingsbury for payment of said note and of his refusal to pay the same.

The defendant Kingsbury filed no answer.   The answer of the other defendants denies due presentment and notice, and denies that any indorsement in fact was made ; that the indorsement was simply in blank, and made as a receipt ; that the defendant Kingsbury paid the note to them and requested that they should indorse their names in blank, as and for a receipt of payment, which they did.

The case was submitted to a jury, and they found a verdict for the defendants.   The evidence was conflicting, and tended to establish the views of both parties.   Various instructions were asked, and some were given and some refused.   But the law, as presented by the issues, seems to have been fairly laid down by the instructions that were given.

But it is unnecessary to review any of the positions assumed by counsel in this case, as the petition on its face does not state facts sufficient to constitute a cause of action against the defendants as indorsers of this note. It is a negotiable note, indorsed after due. Such indorsement is equivalent to drawing a new bill at sight, and the same diligence in making demand and giving notice is required to charge the indorsers. (See Davis v. Francisco, 11 Mo. 572, opinion of Scott, J.; also Moody *et al.* v. Mack, 43 Mo. 210; Berry v. Robinson, 9 Johns. 121; McKinney v. Crawford, 8 Serg. & R. 351; Rugby v. Davidson, 2 Mills, Con., 33.)

The petition alleges that the indorsement was made about the 19th of April, and alleges a demand and refusal on the 3d of July following, and gives no excuse whatever for the delay. Even if this petition could be held good after verdict, there was nothing in the evidence to justify the delay in presenting the note for payment, and the indorsers were discharged by such delay.

Judgment affirmed. The other judges concur.