RODNEY v. WILSON, *Admr.*, *Appellant*.

Promissory Note: INDORSER'S LIABILITY: EVIDENCE will not be received for the purpose of showing that a payee of a promissory note who has transferred it by an indorsement in blank, verbally agreed at the time of making the indorsement to assume an absolute and unconditional liability, and not the liability simply of an endorser.

*Appeal from Cape Girardeau Court of Common Pleas.*—HON. H. G. WILSON, Judge.

*J. B. Dennis* and *R. L. Wilson* for appellant, cited Chitty on Bills, 645, 649; Greenl. Evid., §§ 275, 276; *Singleton v. Fore*, 7 Mo. 516; *Goodell v. Smith*, 9 Cush. 592; 2 Parson's Notes & Bills, 23,122 note j, 123 note n; *Schneider v. Schiffman*, 20 Mo. 571.

*James Mc Williams* for respondent.

HOUGH, J.—On the 22nd day of June, 1866, one J. N. Whitelaw executed and delivered to the defendant's intestate, T. F. Rodney, as payee, a negotiable promissory note for $3000, payable one day after date. On the 9th day of March, 1867, Rodney indorsed in blank and delivered said note, for value, to the plaintiff, Maria L. Rodney. It is

admitted that no demand was ever made of Whitelaw, or if made, no notice was ever given of a refusal to pay. The plaintiff sought to recover on the ground that T. F. Rodney, by his indorsement, assumed an absolute and unconditional liability, and not the liability simply of an indorser, and testimony was offered and admitted for the purpose of showing a contemporaneous verbal agreement that plaintiff should look alone to Rodney for payment, thereby virtually waiving the necessity for demand and notice, and thus varying the legal effect of the blank endorsement. The admissibility of such testimony is the only important question presented by the record. It has been repeatedly decided by this court that when a party writes his name upon the back of a note of which he is neither the payee nor indorsee, in the absence of extrinsic evidence he is to be treated as the maker thereof; but that parol evidence is admissible to show that he did not sign as maker, but as indorser, and that such was the understanding of the parties at the time. *Kuntz v. Tempel*, 48 Mo. 71; *Seymour v. Farrell*, 51 Mo. 95; *Mammon v. Hartman*, Ib. 169; *Calen v. Dutton*, 60 Mo. 297; *Chaffee v. R. R.*, 64 Mo. 195. While there is a *prima facie* liability as maker which the law has established for convenience, yet inasmuch as the undertaking is susceptible of a double interpretation, the law leaves the party at liberty, in certain cases, to show in what capacity he contracted. So under certain circumstances, the maker of a note will be permitted to show that his real relation thereto is that of a surety and not a principal.

Upon the precise question now presented, however, we have been unable to find any direct adjudication in this State. The authorities elsewhere are numerous, but irreconcilably conflicting, and without undertaking to review them, we will content ourselves with a brief statement of what we deem to be the correct view of the subject.

It is the generally received opinion that the legal import of every written undertaking is a part of the contract.

Now, being the payee of the note, Rodney could not, by simply writing his name on the back thereof, contract in any other capacity than that of indorser. As indorser, the law fixed his liability. That liability was to pay after demand and notice. *Light v. Kingsbury*, 50 Mo. 331. It is evident that the verbal contract on which the plaintiff relied, and the contract implied by the indorsement, are inconsistent with each other, and cannot stand together. One is an undertaking to be bound absolutely, the other an undertaking to be bound conditionally. The proof of the former has the effect of varying the latter. The rule is universal, that all prior and contemporaneous agreements are merged in the written undertaking. The contemporaneous parol agreement to be bound absolutely, that is, without demand and notice, must, therefore, yield to the agreement which the law declares arises out of the written indorsement, which is to be bound only after demand and notice. If the indorsee may thus qualify the legal effect of a regular blank indorsement, why may not the indorser be permitted, on the other hand, to escape all liability by showing that his indorsement was without recourse? *Charles v. Denis*, 42 Wis. 56; *Barry v. Morse*, 3 N. H. 132; *Bank of Albion v. Smith*, 27 Barb. 489; *Wilson v. Black*, 6 Blackf. 509; *Campbell v. Robbins*, 29 Ind. 271. Contra: *Barclay v. Weaver*, 19 Penn. St. 396. In all such cases as the present, we think the policy of the law requires that the paper " shall tell its own story."

We think, therefore, the testimony was inadmissible. Undoubtedly, after the obligation as indorser attached, it was competent for T. F. Rodney to waive by parol the necessity for demand and notice. This is conceded by all the authorities. On the case made by the pleadings and evidence the plaintiff was not entitled to recover. The judgment will be reversed and the cause remanded. All concur.

REVERSED.