ESTATE OF DANIEL EDWARDS

v.

A. SHIELDS.

PROMISSORY NOTE—INDORSEMENT—DILIGENCE AGAINST MAKER.—The court cannot presume, from the mere fact that the note in suit is dated at St. Louis, that the maker was a resident of Missouri at the time of its maturity, so as to relieve the holder from proof of diligence in proceeding against the maker; nor can it be presumed, because administration on the estate of the indorser was had in Illinois thirteen years after the maturity of the note, that the indorsement was made in Illinois. The evidence failing to show a valid contract of guarantee, the judgment is reversed.

ERROR to the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed August 13, 1880.

Mr. R. A. HALBERT and Mr. C. F. NOETLING, for plaintiff in error; that under the laws of Missouri, where the contract was made, there must be demand of payment upon the maker,

and notice of non-payment, in order to charge the indorser, cited Armstrong v. Armstrong. 36 Mo. 225; Davis v. Francisco, 11 Mo. 572; Adams v. Dorby, 28 Mo. 162.

Proof of a different understanding or agreement between the parties at the time of assignment will not relieve them from the duty of making demand and notice of non-payment: Rodney v. Wilson, 67 Mo. 123; Light v. Kingsbury, 50 Mo. 331; Charles v. Denis, 42 Wis. 56; Barry v. Norse, 3 N. H. 132; Bank of Albion v. Smith, 29 Barb. 489; Wilson v. Black, 6 Blackf. 509; Campbell v. Robins, 29 Ind. 271; Mason v. Burton, 54 Ill. 354; Howes v. Merrill, 5 Cush. 92; Beattie v. Browne, 64 Ill. 361; Bank of U. S. v. Dunn, 6 Pet. 51; Skelton v. Dustin, 92 Ill. 52; Prescott Bank v. Merrill, 5 Cush. 80; Dale v. Gear, 38 Conn. 15; Woodward v. Foster, 18 Gratt. 200; Coon v. Pruden, 24 Minn. —; Courtney v. Hazen, 93 Ill. 104; Doolittle v. Ferry, 20 Kan. 230; Drake v. Markle, 21 Ind. 437.

Messrs. Tanner & Wilbanks, for defendant in error; that a party cannot allow evidence to be introduced without specific objection, and raise the question of its admissibility on particular grounds for the first time in an appellate court, cited Gillespie v. Smith, 39 Ill. 473; Conway v. Case, 22 Ill. 139; Swift v. Whitney, 20 Ill. 144; Buntain v. Baily, 27 Ill. 410.

The defendant in error held the note indorsed in blank, and in law had title to the same, and it was not error to admit the note in evidence without proof of the genuineness of the signature: McHenry v. Ridgely, 2 Scam. 309; Curtiss v. Martin, 20 Ill. 557; Palmer v. Nassau Bank, 78 Ill. 380.

It is not necessary to show diligence against a maker of a note residing in another State: Shuttler v. Piatt, 12 Ill. 417; Mason v. Burton, 54 Ill. 350.

It was not necessary to fill up the blank indorsement at the trial with a contract of guaranty or of an indorser: Farwell v. Meyer, 36 Ill. 510; Cutting v. Conkling, 28 Ill. 506.

Baker, J.   This case was tried in the St. Clair Circuit Court, on appeal from the county court sitting as a court of probate, and a judgment was rendered in favor of defendant

in error against plaintiff in error, as administratrix of Daniel Edwards, deceased, for $363.05. No question properly arises upon the testimony of William Watson, as that testimony was, on the trial, excluded by the court, and no point is made on such exclusion. Defendant in error introduced in evidence a promissory note, executed by one Evans, to deceased—and dated at St. Louis, April 29, 1867—upon the back of which appeared the following indorsement. "I hereby assign this note to W. Watson, and guarantee to him the payment thereof. D. E. Edwards;" and the further indorsement in blank, "W. Watson." It was admitted on the trial that the words of indorsement preceding the signature of Edwards, were written by the attorney for defendant in error, at the time of the trial in the probate court. The plaintiff in error objected to the introduction of the note and indorsements thereon, but the court overruled the objections, and permitted the note and indorsement thereon to be given in evidence; and plaintiff in error then and there excepted. Certain sections from "Wagner's Statute," which were admitted to be and to have been since the date of the note the statute law of Missouri were given in evidence on behalf of the defense. And there was no other or further evidence in the case.

Whether tested by the law of this State, or by the law of the state of Missouri, the evidence showed no liability of Edwards as a guarantor of the note. Dietrich v. Mitchell, 43 Ill. 40; Rodney v. Wilson, 67 Mo. 123. Nor did the testimony show a liability, under the law of either State, as indorser of the note. Underwood's Stat. Chap. 98, § 7. It was admitted on the trial that by the statute law of Missouri the indorser of a negotiable note was liable in like manner as in cases of inland bills of exchange, and not otherwise; and in Light v. Kingsbury, 50 Mo. 331, it was held the liability of the indorser was to pay after demand and notice. See, also, Bond v. Bragg, 17 Ill. 69.

It is urged that in this case no evidence showing diligence as against the maker of the note, was necessary to enable defendant in error to hold Edwards as indorser, and Shuttler v. Piatt, 12 Ill. 417, and Mason v. Burton, 54 Ib. 349, are cited

in that behalf.   In each of these cases it affirmatively appeared from the evidence the indorsements were made in this State, and the makers of the notes, at their maturity, were residents of other States.   See, also, Crouch v. Hall, 15 Ill. 263.   We can not presume from the mere fact the note is dated at St. Louis, that the maker, at its maturity, was a resident of Missouri; nor can we conclude, as matter-of-fact, from the simple circumstance that administration of the estate of Edwards was had in Illinois thirteen years after the maturity of a note executed to him in Missouri, that he, Edwards, indorsed the note in Illinois.   As the evidence did not show Edwards had made a contract of guaranty, and as the note with his simple indorsement, without proof of any other fact or circumstance, showed no liability as indorser, the finding of the court was plainly against the law and the evidence; and it was error to overrule the motion for a new trial.   The judgment is reversed, and the cause remanded.

Reversed and remanded.