# SMITH *v.* CARO AND BAUM.

### PROMISSORY NOTE—INDORSEMENT—DEMAND—NOTICE.

The indorsement of a promissory note after maturity is, in effect, the drawing of a new bill payable on demand, and, to hold the indorser, demand and notice of non-payment are essential.

### CONTRACTS—PAROL EVIDENCE.

The rule that parol evidence is not admissible to contradict or vary a written contract, is founded in the highest principles of public policy, and there is no class of contracts to which it should be more inflexibly applied than to those connected with bills of exchange and promissory notes.

### INDORSEMENT IN BLANK.

In an action by an indorsee against his immediate indorser, upon a promissory note indorsed in blank, after maturity, parol evidence of an agreement between them at the time of the indorsement, which would vary the legal liability of the indorser under his indorsement, is inadmissible.

APPEAL from Jackson.   The facts are stated in the opinion.

*William R. Willis,* for appellants.

The complaint does not state facts sufficient to constitute a cause of action, for that it does not allege any demand or notice to the defendants, and the court erred in overruling the demurrer.   The court also erred in admitting parol evidence to vary the terms of the written agreement of endorsement on the note.   (Code, 246, sec. 775, sub. 2; *Drake* v. *Markle,* 21 Ind., 433; *Barnard* v. *Gasline,* 23 Minn., 192; *Goldmas* v. *Davis,* 23 Cal., 256; *Prescott Bank* v. *Caverly,* 7 Gray, 217; *Allen* v. *Brown,* 124 Mass., 77; *Rodney* v. *Wilson,* 67 Mo., 123.)

The court erred in refusing to instruct the jury that the legal effect of an indorsement of a promissory note in blank cannot be changed by an oral agreement made at the time of the endorsement.   (Code, 248, sec. 682; *Moffat* v. *Griswold,* 1 Neb., 415.)

*B. F. Dowell and Kelsay & Burnett,* for respondent.

A verbal contract made at the time of making a blank in-

dorsement is admissible.   In Massachusetts, Pennsylvania and New York it has been frequently decided they are irrevocable.   (*Ross* v. *Espy*, 481; *Brisco* v. *Power*, 85 Ill., 420; *Patterson* v. *Todd*, 18 Penn., 426; *Boyd* v. *Cleveland*, 4 Pick., 525; *Backus* v. *Shiperd*, 11 Wend., 129.)

In *Fuller* v. *McDonald*, 8 Greenleaf, 213, where the endorser, at the time the note was transferred, agreed to pay the note if the maker did not, held a waiver of demand and notice.

Whether a particular conversation amounts to a waiver or not is a question of fact for the jury, and not one of law for the court.   (*Union Bank* v. *Magruder*, 7 Pet., 281; 1 Parsons on Bills and Notes, 291, note A.)

By the Court, LORD, C. J.:

This is an action brought by the respondent, Smith, against the appellants as indorsees of a promissory note executed by J. H. Skidmore and H. H. Hill, and payable to the order of appellants, one day after date, for the sum of eight hundred and ninety-four dollars, and interest.   The note was dated on the 15th day of July, 1873, and indorsed in blank by the appellants to the respondent, on the 19th day of July, 1873. Skidmore paid to the respondent, on the note, the sum of three hundred and fifty dollars, Nov. 1, 1876, and three hundred dollars, May 27, 1878, leaving due on said note the sum of seven hundred and seventy-two dollars and thirty cents, for the recovery of which this action was commenced by the respondent against the appellants, as indorsers.

The complaint avers in effect, that the appellants waived demand and notice—that it was understood and agreed between the parties at the time of the indorsement, that the appellants would pay the note; that respondent need not sue Skidmore and Hill, and if Skidmore and Hill did not pay the note at the end of the year from its date, that respondent might look solely to the appellants for such payment.

The complaint was demurred to, on the ground that it did

not state facts sufficient to constitute a cause of action, and the demurrer was overruled by the court. The appellants answered, admitting the endorsement, but denied the verbal contract alleged to have been made at the time of the indorsement and delivery of the note. Upon the trial the respondent introduced evidence tending to show a contemporaneous parol agreement at the time of the indorsement, which the court admitted against the objection of appellants.

The counsel for appellants asked the court to instruct the jury to disregard all parol evidence tending to prove an agreement, before or at the time of the indorsement, inconsistent with the contract created by the indorsement; that the legal effect of an indorsement in blank cannot be waived or changed by any oral agreement made at the time of the indorsement; that in an action against the indorsers, on a blank indorsement, the plaintiff will not be allowed to prove that at the time the defendants sold and indorsed the note, it was agreed by parol that the plaintiff need not make any demand of the maker; but that the defendants will pay without such demand. The court refused to give the instructions, and the defendants excepted.

The correctness of this ruling is the main question we deem it necessary to consider in this case. From some intimation which was made at the argument, in respect to the necessity of demand and notice upon the indorsement in blank of a note after maturity, it becomes necessary to briefly dispose of this question before proceeding to pass upon the principal inquiry. In our judgment the principle is well settled by numerous decisions, that the indorsement of a note after maturity is, in effect, the drawing of a new bill payable on demand, and to hold the indorser, the demand of payment and notice of non-payment, are essential to charge the indorser.

Mr. Daniel, in his valuable work on Negotiable Instruments, section 611, says: " When a negotiable instrument is indorsed after maturity, payment must be demanded of the

Opinion of the Court—Lord, C. J.

payer within a reasonable time, and notice in the event of a refusal given to the indorser, in order to charge him, it being regarded as equivalent to one payable on demand." The adjudications to this effect are numerous and uncontradicted.

In the case of *Berry* v. *Robinson*, 9 John., 121, which was decided in the early part of this century, and has been repeatedly cited and followed by other judicial tribunals of this country, it was held that the indorsee of a promissory note overdue is still bound to prove demand and notice in the same manner as he would if he received the note before maturity; that the books make no distinction on this point, whether the note be indorsed before or after maturity. And in *Nash* v. *Harrington*, 2 Aikin, 9, it is said that a note indorsed long after it was due will be treated as if indorsed on the day of payment, for the purpose of demand and notice. (*Ecfort* v. *DesComdes*, 1 Mill, 69; *Pool* v. *Talleson*, 1 McCord, 199; *Kinnon* v. *Rae*, 7 Porter, 175; *Beebe* v. *Brooks*, 12 Cal., 308; *Light* v. *Kingsbury*, 50 Mo., 331; *Chandler* v. *Westfield*, 30 Texas, 475; Chitty on Bills, 433, and authorities cited in the note.)

But the main question raised by the argument, and which we are required to decide, is, whether it was admissible for the plaintiff to introduce evidence of a parol agreement between himself and the defendants, at the time of the indorsement and delivery of the note, the effect of which was to vary or contradict the legal import of the indorsement. The contract which the law implies upon the written indorsement of the defendants was, that they transferred the note to the plaintiff, and assumed the ordinary liabilities of indorsers. Among the liabilities assumed by the defendants, as the legal effect of their indorsement, was an agreement to pay the note to the plaintiff on receiving due notice that the maker, on demand at the proper time, has neglected or refused to pay it; or, in other words, the liability of the defendants to pay the note was not absolute, but conditional, and dependent upon proper demand and notice.

There can be no doubt if the legal import of the contract of indorsement of the defendants had been written over their signature, the evidence of the parol agreement would have been inadmissible upon the familiar principle that evidence of a cotemporaneous parol agreement is not admissible to contradict or vary that which is contained in a written agreement. (1 Greenleaf, sections 277, 281, 282.)

Upon this point Prof. Parsons says: " Suppose over an indorsement an agreement is written out in full, setting forth exactly the same promises which the law implies from a blank indorsement; suppose further, that in an action by an indorsee upon this indorsement, evidence was offered by either party which was inadmissible on the ground that it varied a written agreement, would the same evidence be admissible in the same action if the indorsement were in blank? We are strongly disposed to say that it would be so, as a general rule, and to consider those cases in which such evidence would seem to be admissible as exceptions." (2 Parsons on Notes and Bills, 23, 24.)

This rule of evidence which inhibits proof of a contemporaneous parol agreement to vary or contradict a written instrument, is conceded to be of the utmost importance in the administration of justice. It is founded upon the principle that all previous and contemporaneous negotiation and discussion on the subject are merged in and extinguished by the writing, and cannot be shown to vary or contradict it. The mischiefs which would result from a lax application of the rule are too many and manifest to require illustration.

That conditions in written agreements may be waived by subsequent verbal agreements, without violating this principle of evidence, is not questioned, but not by prior or contemporaneous verbal agreements. But it is claimed that these general principles of law governing the inadmissibility of parol evidence, have no application to contracts of indorsement, the terms of which are not written out but are implied by law; that where a note is indorsed in blank, as between indorser

and indorsee, it is competent to prove a parol agreement at the time of the indorsement, although its effect is to vary or contradict the legal import of the indorsement.     The principal authorities relied upon to sustain this view are *Perkins* v. *Catlin*, 11 Conn., 212; 4 Wash. C. C. R., 480; *Ross* v. *Espy*, 66 Penn. St. R., 481; *Smith* v. *Morrill*, 54 Maine, 48.

In the case of *Smith* v. *Morrill*, supra, which is conceded to be an able and learned exposition of the law in support of the view claimed by the respondent, the reasoning of the court in the case of *Perkins* v. *Catlin*, supra, was approved and adopted.     The court say:  " That a blank indorsement is not a contract in writing, that the law implies a contract as in a great variety of other cases, simply because the parties have failed to make one, and because otherwise the indorsement would be meaningless; that a blank indorsement is only *prima facie* evidence of the contract implied by law, and that it is competent, as between the parties to the indorsement, to prove by parol evidence the agreement which in fact was made, at the time of the indorsement."     But in *Dale* v. *Gear*, 38 Conn., 16, the court say, that " the contract of indorsement is implied by law as clearly and perfectly from the blank indorsement of a negotiable note, irrespective of any contingency of negotiation, as if written out in full when indorsed. And if, as between the original parties, there is any equity existing *dehors* the instrument, which should prevent the indorsee from enforcing the contract, it must be set up as an *equity*, provable in equity, to bar an apparent legal liability." And, again:  " It presents a naked case of an attempt to prove by parol that a clear and unambiguous contract of warranty is not such, and to contradict it in terms, to turn an indorsement without restriction, before maturity, into a restricted indorsement.     Such a plea cannot be sustained without a violation of essential principles."

It is evident from this case that the doctrine as laid down in *Perkins* v. *Catlin*, supra, in respect to indorsements in blank of negotiable paper, has undergone some change, and

the rule adopted is certainly more in harmony with the weight of authority.

We confess we do not see any just ground in principle for the distinction for which counsel contend. Nor can we better express our own view than by adopting the language of Judge Joynes: "When the legal import of a contract is clear and definite, the intention of the parties is, for all substantial purposes, as distinctly and as fully expressed as if they had written out in words what the law implies. It is immaterial how much or how little is expressed in words, if the law attaches to what is expressed a clear and definite import. Though the writing consists only of a signature, as in the case of an indorsement in blank, yet where the law attaches to it a clear, unequivocal and definite import, the contract imported by it can no more be varied or contradicted by evidence of a contemporaneous parol agreement, than if the whole contract had been written out in words. The mischief of admitting parol evidence would be the same in such cases, as if the terms implied by law had been expressed."

In conformity with these principles, the rule of law which excludes evidence of a contemporaneous parol agreement to contradict or vary a contract in writing, has been applied in England and the United States to the cases of indorsements in blank. (Chitty on Bills, 144; *House* v. *Graham*, 3 Campb., 57.)

In *Rodney* v. *Wilson*, 67 Mo., 124, which was a case identical with the one under consideration, where the note was indorsed in blank after maturity, and testimony was offered and admitted for the purpose of showing a contemporaneous parol agreement that the plaintiff should look alone to the indorser, Rodney, for payment, thereby waiving the necessity for demand and notice, and thus varying the legal effect of the blank indorsement, the court say: "It is the generally received opinion that the legal import of every written undertaking is a part of the contract. Now, being the payee of the note, Rodney could not, by simply writing

his name on the back thereof, contract in any other capacity than that of indorser. As indorser the law fixed his liability. That liability was to pay after demand and notice. It is evident that the verbal contract on which the plaintiff relied, and the contract implied by the indorsement, are inconsistent with each other, and cannot stand together. One is an undertaking to be bound absolutely, the other an undertaking to be bound conditionally. The proof of the former has the effect of varying the latter."

The rule is universal that all prior and contemporaneous agreements, are merged in the written undertaking. The contemporaneous parol agreement to be bound absolutely, that is, without demand and notice, must, therefore, yield to the agreement which the law declares arises out of the written indorsement, which is, to be bound only after demand and notice. If the indorsee may thus qualify the legal effect of a regular blank indorsement, why may not the indorser be permitted on the other hand, to escape all liability by showing that his indorsement was without recourse.

In *Goldman* v. *Davis*, 23 Cal., 256, the court held that the contract of an indorser of a promissory note is a written one, and his liability a conditional one to pay upon a proper demand and notice, and that this written contract cannot be changed from a conditional to an absolute one, by parol evidence of a verbal promise made by the indorser at the time of the indorsement, to pay the note without demand and notice.

In *Charles* v. *Dennis*, 42 Wis., 56, the court say : " It is in principle the same as though the plaintiff had offered to show by parol that the defendant had waived demand and notice, or the same as an offer on the part of the defendant to contradict the instrument in any important particular. The legal effect of a regular indorsement cannot be controlled by parol evidence of an agreement that the indorsement was without recourse."

In the *Bank of Albion* v. *Smith*, 27 Barb., 491, it was

held that in an action against an indorser, on a blank indorsement, the plaintiff will not be allowed to prove that at the time the defendant sold and indorsed the note to him, it was agreed by parol that the plaintiff need not make any demand of the maker, when the note should mature, but that the defendant would be bound to pay without such demand. The court say: "The undertaking of an indorser may be either limited or enlarged at the time it is entered into, by express terms, at the pleasure of the indorser. But if no such terms are expressed in the indorsement, the law fixes the character of the undertaking, and it cannot be varied by parol." And again: "If an indorsement can be varied by a contemporaneous parol agreement, to this extent, its entire character may be changed, and no one ever know how, or to what extent, an indorser in blank is bound."

These illustrations are sufficient to show the application of the doctrine to the particular facts under consideration. It is not to be denied but what there is a considerable diversity of judicial opinion upon the question of indorsements in blank, and that there is a strong current of authority to the effect that an indorsement in blank is not a written instrument, and consequently not entitled to its immunities, nor subjected to its restraints, but that it may be explained and expanded between the parties, by parol.

But in our opinion the weight of authority greatly preponderates against the admission of parol evidence of an agreement between the parties to qualify or vary the contract of indorsement, whether it be made in blank or full. (Chitty on Bills, 144; *House* v. *Graham*, 3 Campb., 57; *Goupy* v. *Hardee*, 7 Taunton, 159; *Mason* v. *Burton*, 54 Ill., 354; *Jones* v. *Albee*, 70 Ill., 37; *Wilson* v. *Black*, 6 Blackf., 509; *Lee* v. *Pile*, 37 Ind., 107; *Barnard* v. *Gasline*, 23 Minn., 196; *Martin* v. *Cole*, 3 Colorado, 114; *Cottrell* v. *Conklin*, 4 Duer., 50; *Dale* v. *Gear*, 38 Conn., 16; *Fassin* v. *Hubbard*, 55 N. Y., 465; *Howe* v. *Merrill*, 5 Cush., 80; *Prescott Bank* v. *Caverly*, 7 Gray, 217; *Barry* v. *Morse*, 3 N. H. 132;

*Stubbs* v. *Goodale,* 4 Ga. 106; *Chaddock* v. *Vanness,* 35 N. J., 519; *Bank of U. S.* v. *Dunn,* 6 Peters, 51; *Woodward, Baldwin & Co.,* v. *Foster,* 18 Gratt, 208; Parsons on Bills and Notes, vol. 2, 521.)

Some of the authorities cited show that there are a few classes of cases that form an exception to the rule stated, (*Jones* v. *Albee,* 70 Ill., 37; *Dale* v. *Gear,* 38 Conn., 16;) but the question in this case does not fall within the principle of any of these excepted cases, and upon which it is unnecessary for us to express any opinion.

The rule that parol evidence is not admissible to contradict or vary a written contract, is founded in the highest principles of public policy, and there is no class of contracts to which it should be more inflexibly applied than to those connected with bills of exchange and promissory notes.

The contract by a blank indorsement is fixed by law, and should not be rendered uncertain by parol any more than when written out in full. " And since the same injurious results would flow from permitting the legal effect of an indorsement in blank to be destroyed, as if it were an indorsement in full, no indulgence should be granted to the former contract over the latter. Otherwise, indeed, no one can ever know how, or to what extent an indorser in blank is bound." (2 Parsons on Notes and Bills, 521.) It follows that the judgment must be reversed.

Judgment reversed.