Dickman, J.
The plaintiff in error, William H. McMonigal, commenced his original action in the court of common pleas of Fairfield county, against the defendant in error, John W. Brown. In his petition he alleged, “ that on the 16th of January, 1877, one George T. Gould, by the name of G. T. Gould, made and delivered to said John W. Brown his certain promissory note for the sum of $593.52, with interest at eight per cent.; that said note was due and payable one day after its said date; that afterwards, to-wit, on the 9th day of March, A. D. 1877, said John W. Brown, as the payee of said note, and for a valuable consideration then received by him from the plaintiff, indorsed, transferred, assigned and delivered said note to the plaintiff, and it was then and there mutually agreed between the defendant, and said Gould and the plaintiff, that said Gould should have an extension of time in which to pay said note, which indulgence was to no certain date, but to about the first of April, 1877, and defendant thereby 'waived formal demand and notice of the non-payment of said note by said Gould.”
The court of common pleas rendered final judgment for the defendant on a demurrer to the petition, and the judgment was affirmed by the district court.
It is contended in behalf of the defendant in error that no cause of action was stated in the original petition, because it contained no averment of demand of payment from the maker, and notice of non-payment to the indorser; while it is claimed *503 by tbe plaintiff in error that, if demand and notice were ever necessary, they were waived under and by the facts set forth in the pleading.
A waiver of demand and notice may be either verbal or in writing. It may be expressed totidem verbis, or implied from the words or acts of the party. It may be shown from ciz’cumstances, or may result from an understanding between the parties, which is'of a character to satisfy the mind that a waiver is intended. Azzy agreement between the parties to negotiable paper, or language of the indorser calculated to put a holder of reasonable prudence off his guard, and induce him not to make demand or give notice of dishonor, will obviate the necessity of taking those steps. Fuller v. McDonald, 8 Me. 213; Boyd v. Bank of Toledo, 32 Ohio St. 526; see also Moyer’s Appeal, 87 Penn. St. 129.
It has accordingly been held by high authority that whez’e the indoz’ser by agreement with the holder before the maturity of the note, agrees to extend the time of payznent, there is a waiver of all demand and notice. Amoskeag Bank v. Moore, 37 N. H. 539; Ridgway v. Day, 13 Penn. St. 208. And we see no good reason why the same rule should not, for the znost part, apply where an extension of time or forbearance is granted by an agreement between the indorser, holder, and maker, after the maturity of the note. See Hudson v. Wolcott, 39 Ohio St. 618. It is said by Parsons (1 N. & B. 594): “ The expression ‘waiver of demand and notice after maturity’ though often used, is somewhat inaccurate. Properly speaking, demand and notice can only be waived before maturity; but the party may, by words or acts subsequent to that time, relieve the plaintiff from the necessity of proving demand and notice, or render the fact that no demand was znade or notice given entirely immaterial.”
To charge an indorser on a note negotiated after it is overdue, demand mzzst be made upon the maker, and notice given to the indorser, within a reasonable time after the indorsement, unless such demand and notice are waived by the indorser. Bassenhorst v. Wilby, 45 Ohio St. 333; Sanborn v. Southard, 25 Maine, 409; Tyler v. Young, 30 Penn. St. 143; Beebe v. Brooks, 12 *504 Cal. 308. What is a reasonable time in which to demand payment, when a note is negotiated after it is due, must be determined by the circumstances of each case; but, it has been laid down by a number of the authorities, that if the parties reside in the same place, the instrument should be presented for payment the next day after it is received, at furthest; and that where the maker of the note resides in a different place from the indorsee, it would be deemed an unreasonable delay for the indorsee to neglect to forward the instrument for demand the next day after receiving it. Byles on Bills (7 Am. Ed. by Sharswood), 212-13; Piner v. Clary, 17 B. Mon. 645; Thomson on Bills, 297; Chitty on Bills (N. Y. Ed. 1830), 271; Dan. Neg. Inst. § 605.
The note, upon which the original action was founded, was past due when indorsed, but the facts stated in the original petition plainly indicate that the indorser did not intend to avail himself of any advantage he might derive, from want of demand or notice at the maturity of the note. After the maturity of the note, and at the time of his indorsement, he was well aware that the maker was then unable to pay it, and that a presentment of the note for payment then would be useless. And it is evident from the indulgence given for the payment of the note, that the indorser, if he ever contemplated demand and notice, certainly waived them until the expiration of many days after his indorsement. It is not to be presumed that he relied upon a presentment for payment within the time during which he and the holder had virtually dispensed with payment, namely, between the date of the indorsement and “ about the first of April.” Hudson v. Wolcott, 39 Ohio St. 618. While, therefore, it is manifest that the indorser treated the failure to present the note at maturity for payment, and to give notice of dishonor, as unnecessary and immaterial, he also clearly waived the necessity of taking the same steps until a considerable period should elapse after the maturity and indorsement of the note.
It is contended, however, that a new time of payment was fixed, by the extension to “about the first of April, 1877;” and that demand and notice within a reasonable time after the *505 first of April were necessary, in order to make the indorser liable. The extension lo “about the first of April, 1877,” in our view, designated a time so indefinite as to be calculated to mislead the indorsee, and put him in doubt and off his guard, in protecting his rights as. against the indorser. It was beyond the power of the indorsee to determine definitely, when the note was payable by the terms of the extension. To charge a drawer or indorser, demand should be made on the day of the maturity of the note or bill. If made before the note or bill falls due, it is unavailing; and if made after, it is generally insufficient for the purpose of charging the drawer or indorser. The defendant in error, having contributed towards rendering the holder of the note incapable of definitely determining the day of payment, and of strictly complying with the rules of commercial law, in respect to demand and notice, he is to be held as intending to waive such compliance. We have not been able to reach the conclusion that the indorser, after having received a valuable consideration, designed to place his indorsee in a situation of doubt and uncertainty, and afterwards to hold him rigidly to the requirement of demand and notice, in order that ho might evade an indorser’s liability.
We are of opinion, therefore, that the district court erred in affirming the judgment of the court of common pleas, and that the judgments of those courts should be reversed, and the cause remanded for further proceedings.

Judgment accordingly.